**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES RAY TILLEY,

            Plaintiff,

    vs.

MARK TRACY, Santa Cruz County
Sheriff; SANTA CRUZ COUNTY
DEPARTMENT OF MENTAL HEALTH;
DR. STEIN, Chief Medical Officer, Santa
Cruz County Jail; DOE number 1,
Director, Department of Mental Health,
Santa Cruz County; ROXANN HUNT,
Correctional Officer; ANDREW LERIOS,
Correctional Sergeant; DOE, Badge
Number S-35, Correctional Sergeant;
Correctional Lieutenant HARTNESS;
DOE, Detention Nurse Manager; DOE
OFFICERS; DOES NURSES; and DR.
NOORONIE MULAHA, Psychiatrist at
Santa Cruz County Jail,

            Defendants.
_____/

No. C 03-5701 PJH (PR)

**ORDER DENYING
PLAINTIFF'S MOTION TO
RECONSIDER AND
GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

This is a civil rights case filed pro se by a person hospitalized as a Sexually Violent

Predator ("SVP").  In the initial review order the court identified four categories of claims:

Overcharging, medication, medical attention, and misdiagnosis.  The court concluded that

plaintiff had stated a claim against defendant Nooronie Mulaha as to the misdiagnosis

claim, and dismissed the other claims with leave to amend.  Plaintiff abandoned the

overcharging claim in the amendment.  On its review of the amended complaint, the court

concluded that plaintiff had stated a claim against Roxann Hunt and Doe officers and

nurses for consistently bringing his diabetic medication, which is to be taken with meals,

one and half hours to two hours before meals,[1] and against defendants Lerios and Hartness for threatening to retaliate against him for writing grievances.  At that point the remaining named defendants were Mollah, Hunt, Lerios and Hartness.

A motion for summary judgment filed by defendants Mollah,[2] Hunt, Lerios and Hartness was denied in part and granted in part.  It was granted in its entirety as to Dr. Mollah, granted as to all claims against Hunt, and denied as to the retaliation claims against Lerios and Hartness.  The remaining claims after the ruling on the motion for summary judgment, therefore, were the retaliation claims against Lerios and Hartness.

Plaintiff has moved to reconsider the grants of summary judgment for Hunt and Mollah, and Lerios and Hartness have moved for summary judgment on the remaining claim.

**DISCUSSION**

*A.  Motion to reconsider*

Plaintiff refers to his motion to reconsider as being pursuant to Civil Local Rule 7-9, which is appropriate.  *See United States v. Comprehensive Drug Testing*, 473 F.3d 915, 926 (9th Cir. 2006) ("Motions for Reconsideration" are creatures of local rules or practice).  He also refers to it as being brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, but as those rules apply only to judgments, and no judgment has been entered here, they are inapplicable.  Oddly, although plaintiff clearly is aware of Rule 7-9, since he cites it several times, he has not moved for nor been granted leave to file a motion to reconsider, as required by Rule 7-9(a).  The motion will be denied for that reason, as well as for the reasons discussed below.

Even if the court were to excuse plaintiff's failure to obtain leave, the motion would be denied.  Motions to reconsider must be based only on the grounds set out in Local Rule 7-9(b).  L.R. Civ. 7-9(a).  The moving party must specifically show: (1) that at

---

[1]  He alleges that instead of a full meal he was given a banana, an energy bar, or a nutritional drink.

[2]  The doctor's correct name is "Mollah."

United States District Court

For the Northern District of California

1  the time of the motion for leave, a material difference in fact or law exists from that which

2  was presented to the court before entry of the interlocutory order for which the

3  reconsideration is sought, and that in the exercise of reasonable diligence the party

4  applying for reconsideration did not know such fact or law at the time of the interlocutory

5  order; or (2) the emergence of new material facts or a change of law occurring after the

6  time of such order; or (3) a manifest failure by the court to consider material facts which

7  were presented to the court before such interlocutory order.  *See* Civil L.R. 7-9(b).  Plaintiff

8  has failed to make a sufficient showing as to any of the three grounds.

9       The motion to reconsider will be denied.

10  *B.  Motion for summary judgment*

11       Lerios and Hartness move for summary judgment on the remaining claim against

12  them, which is that they retaliated against plaintiff for his grievances.  The motion is not

13  opposed.

14       *1.  Standard of Review*

15       Summary judgment is proper where the pleadings, discovery and affidavits show

16  that there is "no genuine issue as to any material fact and that the moving party is entitled

17  to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may

18  affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

19  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

20  to return a verdict for the nonmoving party.  *Id.*

21       The moving party for summary judgment bears the initial burden of identifying those

22  portions of the pleadings, discovery and affidavits which demonstrate the absence of a

23  genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan*

24  *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving

25  party has met this burden of production, the nonmoving party must go beyond the

26  pleadings and, by its own affidavits or discovery, set forth specific facts showing that there

27  is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to

28  show a genuine issue of material fact, the moving party wins.  *Id.*

United States District Court

For the Northern District of California

1      *2. Analysis*

2            The motion for summary judgment is unopposed.  A district court may not grant a

3      motion for summary judgment solely because the opposing party has failed to file an

4      opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed

5      motion may be granted only after court determines that there are no material issues of

6      fact).  The court may, however, grant an unopposed motion for summary judgment if the

7      movant's papers are themselves sufficient to support the motion and do not on their face

8      reveal a genuine issue of material fact.  *United States v. Real Property at Incline Village*, 47

9      F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for

10     moving party without consideration of whether motion and supporting papers satisfy Fed.

11     R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820

12     (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

13           "Within the prison context, a viable claim of First Amendment retaliation entails five

14     basic elements:  (1) An assertion that a state actor took some adverse action against an

15     inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

16     the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

17     advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th

18     Cir. 2005) (footnote omitted).  A prisoner must at least allege that he suffered harm, since

19     harm that is more than minimal will almost always have a chilling effect.  *Id.* at 567-68 n.11.

20           In this sole remaining claim, plaintiff alleges that Lerios and Hartness came to his

21     cell and threatened him with transfer to an undesirable cell in the medical department if he

22     did not stop grieving the issue of the late meals on weekends and holidays.  The previous

23     motion for summary judgment of Lerios and Hartness was denied because, although they

24     may have been correct that there was a legitimate penological goal in their suggestion that

25     plaintiff should be moved to the medical unit if his health were so at risk, there could be

26     none in their suggestion that a move could be avoided by stopping the grievances.

27           In the renewed motion for summary judgment Lerios and Hartness contend that

28     plaintiff suffered no harm from their threat.  The papers in support of the motion for

1  summary judgment support defendants contention that plaintiff suffered no harm, in that he

2  continued with a blizzard of complaints and it is undisputed that he was not in fact moved to

3  the medical department.  The moving papers also do not on their face reveal a genuine

4  issue of material fact.  The motion for summary judgment will be granted.

**CONCLUSION**

6          For the foregoing reasons, plaintiff's motion to reconsider (document number 60 on

7  the docket) is **DENIED**.  The motion for summary judgment of the last remaining

8  defendants, Lerios and Hartness, is **GRANTED**.  The clerk shall close the file..

10         **IT IS SO ORDERED.**

12  Dated:  March 27, 2007.        _____

                                             PHYLLIS J. HAMILTON
13                                          United States District Judge

28  G:\PRO-SE\PJH\CR.03\TILLEY701.SJ2

**United States District Court**
For the Northern District of California